**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| BESSETTE INTELLECTUAL PROPERTY, LLC AND LUC BESSETTE<br><br>     Plaintiff,<br><br>CVS HEALTH CORPORATION ET AL,<br><br>     Defendants. | 2:15-cv-01196-JRG-RSP<br><br>(Lead Case) |
| BESSETTE INTELLECTUAL PROPERTY, LLC and LUC BESSETTE,<br><br>     Plaintiffs,<br>v.<br>WAL-MART STORES, INC., WAL-MART.COM INC., and WAL-MART.COM USA LLC,<br><br>     Defendants. | 2:15-cv-01198-JRG-RSP<br><br>(Consolidated Case)<br><br>**Jury Trial Demanded** |

**DEFENDANT WAL-MART STORES, INC.'S ANSWER TO BESSETTE
INTELLECTUAL PROPERTY, LLC, AND LUC BESSETTE'S COMPLAINT
FOR PATENT INFRINGEMENT AND COUNTERCLAIMS**

Defendant Wal-Mart Stores, Inc. ("Walmart") answers the Complaint for Patent Infringement ("Complaint") filed by Bessette Intellectual Property, LLC and Luc Bessette ("Plaintiffs"), and asserts the Counterclaims set forth below. Walmart denies the allegations or characterizations in Plaintiffs' Complaint unless expressly admitted below.

**PARTIES**

1.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint, and therefore denies such allegations.

2.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint, and therefore denies such allegations.

3. In response to Paragraph 3 of the Complaint, Walmart admits that Wal-Mart Stores, Inc. is a corporation established under the laws of the state of Delaware, with its principal place of business at 702 Southwest 8th Street, Bentonville, Arkansas 72716 and that it may be served via its registered agent, The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

4. In response to Paragraph 4, Walmart denies the allegations.[1]

5. In response to Paragraph 5 of the Complaint, Walmart admits that Wal-Mart.com USA LLC is a corporation established under the laws of the state of California. Except as so admitted, Walmart denies the allegations of Paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6. In response to Paragraph 6 of the Complaint, Walmart admits that the Complaint purports to state a civil action for patent infringement arising under the laws of the United States relating to patents, 35 U.S.C. § 1 *et seq.*, and, if proper, would arise within the Court's subject matter jurisdiction, but Walmart denies that it has any liability for alleged patent infringement.

7. In response to Paragraph 7 of the Complaint, Walmart admits that it transacts business in this judicial district, but denies that venue is convenient or appropriate in this judicial district and denies that is has any liability for alleged patent infringement in this or any other judicial district. Except as so admitted, Walmart denies the allegations of Paragraph 7 of the Complaint.

8. In response to Paragraph 8 of the Complaint, Walmart does not challenge personal jurisdiction for the purpose of this action. Walmart admits that it transacts business in this judicial district, but denies it has any liability for alleged patent infringement in this or any

---

[1] No such entity currently exists.

other judicial district. Except as so admitted, Walmart denies the allegations of Paragraph 8 of the Complaint.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,775,670

9. In response to Paragraph 9 of the Complaint, Walmart admits that U.S. Patent No. 6,775,670 ("the '670 Patent") is entitled "Method and Apparatus for the Management of Data Files," and was issued by the United States Patent and Trademark Office on August 10, 2004, but denies that the '670 Patent was duly and legally issued. Walmart admits that a copy of the '670 patent is attached as Exhibit A to the Complaint. Walmart is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 9 of the Complaint, and therefore denies such allegations.

10. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint, and therefore denies such allegations.

11. Walmart denies the allegations in Paragraph 11 of the Complaint.

12. Walmart is without knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint, and therefore denies them.

13. Walmart denies the allegations in Paragraph 13 of the Complaint.

14. Walmart denies the allegations in Paragraph 14 of the Complaint.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO.7,856,456

15. In response to Paragraph 15 of the Complaint, Walmart admits that U.S. Patent No. 7,856,456 ("the '456 Patent") is entitled "System and Method for Electronically Managing Medical Data Files," and that the '456 Patent was issued by the United States Patent and Trademark Office on December 21, 2010, but denies that the '456 Patent was duly and legally

issued. Walmart admits that a copy of the '456 patent is attached as Exhibit B to the Complaint. Walmart is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 15 of the Complaint, and therefore denies such allegations.

16. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint, and therefore denies such allegations.

17. Walmart denies the allegations in Paragraph 17 of the Complaint.

18. Walmart is without knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint, and therefore denies them.

19. Walmart denies the allegations in Paragraph 19 of the Complaint.

20. Walmart denies the allegations in Paragraph 20 of the Complaint.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 8,296,333

21. In response to Paragraph 21 of the Complaint, Walmart denies that U.S. Patent No. 8,296,333 ("the '333 Patent") is entitled "Microorganism Neutralization Device and Method. Walmart admits that the '333 Patent was issued by the United States Patent and Trademark Office on October 23, 2012, but denies that the '333 Patent was duly and legally issued. Walmart admits that a copy of the '333 patent is attached as Exhibit C to the Complaint. Walmart is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 21 of the Complaint, and therefore denies such allegations.

22. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint, and therefore denies such allegations.

23. Walmart denies the allegations in Paragraph 23 of the Complaint.

24. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint, and therefore denies such allegations.

25. Walmart denies the allegations in Paragraph 25 of the Complaint.

26. Walmart denies the allegations in Paragraph 26 of the Complaint.

## PRAYER FOR RELIEF

Walmart denies that Plaintiffs are entitled to any of the relief requested in Paragraphs 1-4 of the Prayer for Relief in the Complaint, or to any relief whatsoever. With respect to Plaintiffs' request for a permanent injunction enjoining Walmart from "inducing the infringement of, or contributing to the infringement of the '670, '456 and '333 patent" in Paragraph 2 of the Prayer for Relief, Walmart further denies that Plaintiffs are entitled to such relief because contributory infringement and inducement of infringement are not pled in the Complaint.

## JURY DEMAND

Plaintiffs' demand for a jury trial does not state an allegation and therefore Walmart is not required to respond.

## AFFIRMATIVE DEFENSES

Subject to the responses above, Walmart alleges and asserted the following defenses in response to the allegations set forth in Plaintiffs' Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. Walmart reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## FIRST AFFIRMATIVE DEFENSE: NON-INFRINGEMENT

27. Walmart has not infringed any valid and enforceable claims of the '670 Patent, the '456 Patent, or the '333 Patent (collectively, the "Patents-in-Suit"), either directly, jointly, literally, under the doctrine of equivalents, or under any other liability theory.

### SECOND AFFIRMATIVE DEFENSE: INVALIDITY

28. Each and every claim of the Patents-in-Suit that Plaintiffs aver has been infringed by Walmart is invalid and/or unenforceable under one or more provisions of the Patent Laws of the United States, including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### THIRD AFFIRMATIVE DEFENSE: PROSECUTION HISTORY ESTOPPEL

29. Plaintiffs are estopped from construing the claims of the Patents-in-Suit to cover or include, either literally or by the application of the doctrine of equivalents, any system used by or any activity of Walmart by reason of amendment, cancellation, or abandonment of claims, and the admissions and statements made to the United States Patent and Trademark Office during prosecution of the applications that led to the issuance of the Patents-in-Suit.

### FOURTH AFFIRMATIVE DEFENSE: WAIVER, LACHES AND ACQUIESCENCE

30. Plaintiffs' claims for damages and other relief are barred in whole or in part by the equitable doctrine of waiver, laches and/or acquiescence, including but not limited to Plaintiffs' unreasonable delay in asserting the Patents-in-Suit against Walmart.

### FIFTH AFFIRMATIVE DEFENSE: FAILURE TO PROVIDE NOTICE

31. To the extent that Plaintiffs seek damages for any alleged infringement of the Patents-in-Suit prior to it giving actual notice of the Patents-in-Suit to Walmart, Plaintiffs' claims are barred pursuant to 35 U.S.C. § 287(a).

### SIXTH AFFIRMATIVE DEFENSE: LIMITATION OF DAMAGES

32. Plaintiffs' claims for damages are limited and/or barred by 35 U.S.C. § 286.

## SEVENTH AFFIRMATIVE DEFENSE: ADEQUATE REMEDY AT LAW

33. Plaintiffs are not entitled to preliminary or permanent injunctive relief because (1) Plaintiffs are not likely to prevail on the merits; (2) Plaintiffs have not suffered nor will it suffer irreparable harm because of Walmart's conduct; (3) any harm to Plaintiffs would be outweighed by the harm to Walmart if any injunction were entered; (4) Plaintiffs have an adequate remedy at law even if it were to prevail in this action; and (5) public interest would not be served by an injunction.

## COUNTERCLAIMS FOR DECLARATORY RELIEF

Counter-Claimant Wal-Mart Stores, Inc., ("Walmart") for its counterclaim against Counter-Defendants Bessette Intellectual Property, LLC and Luc Bessette ("Plaintiffs") avers as follows:

## PARTIES

1. Wal-Mart Stores, Inc. is a corporation organized under the laws of the state of Delaware, with its principal place of business at 702 SW 8th Street, Bentonville, Arkansas 72716-0215.

2. Wal-Mart.com, USA LLC is a limited liability company organized under the laws of the state of California, with its principal place of business at 702 SW 8th Street, Bentonville, Arkansas 72716-0215.

3. On information and belief, based on Paragraph 1 of the Complaint, Bessette Intellectual Property, LLC is a Texas limited liability company with its principal place of business at 800 Brazos, Suite 400 Austin, Texas 78701.

4. On information and belief, based on Paragraph 2 of the Complaint, Luc Bessette is an individual residing in Quebec, Canada.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

6.     This Court has personal jurisdiction over Plaintiffs because, at a minimum, Plaintiffs have voluntarily submitted to this Court's jurisdiction in this action.

7.     This Court has subject matter jurisdiction over these claims for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. An actual controversy exists between Walmart and Plaintiffs regarding the non-infringement and invalidity of the U.S. Patent Nos. 6,775,670 ("the '670 Patent"), 7,856,456 ("the '456 Patent") and 8,296,333 ("the '333 Patent") (collectively, the "Patents-in-Suit"), based upon Plaintiffs' allegations against Walmart in this action.

## FIRST COUNTERCLAIM: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,775,670

8.     Walmart realleges and incorporates by reference the allegations set forth in Paragraphs 1-7 of these Counterclaims.

9.     An actual controversy exists between Walmart and Plaintiffs regarding the alleged infringement of the '670 Patent.

10.    Walmart has not infringed any valid and enforceable claims of the '670 Patent either directly, jointly, literally, under the doctrine of equivalents, or under any other liability theory.

11.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Walmart requests a declaration by the Court that Walmart has not infringed, and does not infringe, any valid and enforceable claim of the '670 Patent, whether directly, jointly, literally, under the doctrine of equivalents, or under any other liability theory.

### SECOND COUNTERCLAIM: DECLARATORY JUDGMENT
### OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,856,456

12. Walmart realleges and incorporates by reference the allegations set forth in Paragraphs 1-7 of these Counterclaims.

13. An actual controversy exists between Walmart and Plaintiffs regarding the alleged infringement of the '456 Patent.

14. Walmart has not infringed any valid and enforceable claims of the '456 Patent either directly, jointly, literally, under the doctrine of equivalents, or under any other liability theory.

15. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Walmart requests a declaration by the Court that Walmart has not infringed, and does not infringe, any valid and enforceable claim of the '456 Patent, whether directly, jointly, literally, under the doctrine of equivalents, or under any other liability theory.

### THIRD COUNTERCLAIM: DECLARATORY JUDGMENT
### OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,296,333

16. Walmart realleges and incorporates by reference the allegations set forth in Paragraphs 1-7 of these Counterclaims.

17. An actual controversy exists between Walmart and Plaintiffs regarding the alleged infringement of the '333 Patent.

18. Walmart has not infringed any valid and enforceable claims of the '333 Patent either directly, jointly, literally, under the doctrine of equivalents, or under any other liability theory.

19. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Walmart requests a declaration by the Court that Walmart has not infringed, and does not

infringe, any valid and enforceable claim of the '333 Patent, whether directly, jointly, literally, under the doctrine of equivalents, or under any other liability theory.

### FOURTH COUNTERCLAIM: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 6,775,670

20. Walmart realleges and incorporates by reference the allegations set forth in Paragraphs 1-7 of these Counterclaims.

21. An actual controversy exists between Walmart and Plaintiffs regarding the validity of the '670 Patent.

22. The claims of the '670 Patent are invalid and void for failure to meet the statutory requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

23. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and Title 35 of the United States Code, Walmart requests a declaration by the Court that the claims of the '670 Patent are invalid for failing to satisfy the conditions for patentability specified in 35 U.S.C. § 101 *et seq.*, including, without limitation, §§ 101, 102, 103, and/or 112.

### FIFTH COUNTERCLAIM: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 7,856,456

24. Walmart realleges and incorporates by reference the allegations set forth in Paragraphs 1-7 of these Counterclaims.

25. An actual controversy exists between Walmart and Plaintiffs regarding the validity of the '456 Patent.

26. The claims of the '456 Patent are invalid and void for failure to meet the statutory requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

27. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and Title 35 of the United States Code, Walmart requests a declaration by the Court that the claims of

the '456 Patent are invalid for failing to satisfy the conditions for patentability specified in 35 U.S.C. § 101 *et seq.*, including, without limitation, §§ 101, 102, 103, and/or 112.

### SIXTH COUNTERCLAIM: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 8,296,333

28. Walmart realleges and incorporates by reference the allegations set forth in Paragraphs 1-7 of these Counterclaims.

29. An actual controversy exists between Walmart and Plaintiffs regarding validity of the '333 Patent.

30. The claims of the '333 Patent are invalid and void for failure to meet the statutory requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

31. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and Title 35 of the United States Code, Walmart requests a declaration by the Court that the claims of the '333 Patent are invalid for failing to satisfy the conditions for patentability specified in 35 U.S.C. § 101 *et seq.*, including, without limitation, §§ 101, 102, 103, and/or 112.

### JURY DEMAND

32. Walmart demands a trial by jury for all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Walmart respectfully requests the following relief:

A. That Plaintiffs take nothing by way of their Complaint;

B. That the Court declare Walmart does not infringe the claims of the '670, '456 and '333 Patents directly, jointly, literally, under the doctrine of equivalents, or under any other liability theory;

C. That the Court invalidate the claims of the '670, '456 and '333 Patents pursuant to 35 U.S.C. §§ 101, 102, 103 and/or 112;

      D.      That the Court declare that Plaintiffs are not entitled to any remedy or relief whatsoever against Walmart;

      E.      That the Court declare this case exceptional and award Walmart attorneys' fees and expenses incurred in this case, in accordance with 35 U.S.C. § 285;

      F.      That the Court award to Walmart its costs of the suit; and

      G.      That the Court award interest on the above amounts in the maximum amount allowed by law; and

      H.      All such other and further relief as the Court may deem just and proper.

Dated: September 11, 2015

Respectfully submitted,
*/s/ DeAnna D. Allen*
DeAnna D. Allen (*Pro Hac Vice*)
DC Bar No. 487686
COOLEY LLP
1299 Pennsylvania Ave., NW, Suite. 700
Washington, DC 20004-2400
Tel.: (202) 842-7800
Fax: (202) 842-7899
Email: dallen@cooley.com

Joseph M. Drayton (*Pro Hac Vice*)
NY Bar No. 2875318
COOLEY LLP
The Grace Building
1114 Avenue of the Americas
New York, NY 10036-7798
Tel: (212) 479-6000
Fax: (212) 479-675
Email: jdrayton@cooley.com

Rose S. Whelan
DC Bar No. 999367
COOLEY LLP
1299 Pennsylvania Ave., NW, Suite. 700
Washington, DC 20004-2400
Tel.: (202) 842-7800
Fax: (202) 842-7899
Email: rwhelan@cooley.com

*Attorneys for Defendants Wal-Mart Stores, Inc.*

## **CERTIFICATE OF SERVICE**

  I, DeAnna D. Allen, do hereby certify that on this 11th day of September 2015, I caused a true and correct copy of the foregoing **DEFENDANT WAL-MART STORES, INC.'S ANSWER TO BESSETTE INTELECTUAL PROPERTY, LLC AND LUC BESSETTE'S COMPLAINT FOR PATENT INFRINGEMENT** to be electronically filed with Clerk of the Court using CM/ECF which will send notification to all registered attorneys of record.

                  */s/ DeAnna D. Allen*